**Ronnie WADE, Plaintiff–Appellant,**

**v.**

**George E. PATAKI, Governor, Brion Travis, Chairman, New York State Division of Parole; Terrence X. Tracy, Counsel to the Division of Parole, Defendants–Appellees.**

No. 02–0355.

United States Court of Appeals, Second Circuit.

Sept. 16, 2003.

Ronnie Wade, Wallkill, New York, pro se.

Frank A. Brady, Assistant Attorney General of the State of New York, New York, New York, for Appellees.

Present: NEWMAN, SOTOMAYOR, and WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from the United States District Court for the Southern District of New York (Strom, J.), it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-appellant Ronnie Wade, *pro se,* incarcerated, and proceeding *in forma pauperis,* appeals from the judgment of the United States District Court for the Northern District of New York (Strom, *J.*), granting the defendants-appellees summary judgment. On appeal, appellant argues that summary judgment was inappropriate for the following reasons: (1) a genuine issue of material fact existed as to whether defendant Tracy sent the state court order to the parole staff; (2) the appellant presented facts sufficient to support a valid conspiracy claim; and (3) the appellant had a liberty interest in the minimum imprisonment period set by the court that was arbitrarily extended by the parole board's denial of parole.

We review a district court's grant of summary judgment *de novo,* focusing on whether the district court properly concluded that there was no genuine issue as to any material fact and whether the moving party was entitled to judgment as a matter of law. *See Allstate Ins. Co. v. Mazzola,* 175 F.3d 255, 258 (2d Cir.1999).

Appellant's claim that there is a genuine issue of material fact existed as to whether defendant Tracy retaliated against him by failing to notify promptly the parole staff of the state court order annulling the 1999

decision denying him parole is without merit. There was undisputed evidence that Tracy forwarded the court order to the parole staff in order to apprise them of the need for a new parole hearing, and that Tracy faxed a copy of the order and his previous transmittal letter upon learning that it had not been received by the parole staff. The district court properly granted summary judgment for defendants on this issue.

The district court's conclusion that the defendants were entitled to summary judgment on the conspiracy claim was also proper, as appellant presented no evidence, beyond bald assertions and conclusory allegations, to establish a conspiracy among the defendants to deprive him of due process rights. Further, it is well settled that New York's parole statute does not provide prisoners with a legitimate expectation of release, *see Barna v. Travis,* 239 F.3d 169, 171 (2d Cir.2001), thus Wade had no protected liberty interest in parole. Because a prisoner in New York does not have a protected liberty interest in parole, appellant's § 1983 claim was properly dismissed.

Additionally, appellant argues that this Court should overturn *Boothe v. Hammock,* 605 F.2d 661 (2d Cir.1979) (holding that prisoners do not have a liberty interest in parole), because New York law requires the judiciary, and not the parole board, to set the prisoner's "minimum period of imprisonment." Because appellant has failed to identify a New York State statute creating a liberty interest in parole, we see no reason to overturn *Boothe.* *See, e.g., Barna* 239 F.3d at 170–71 (noting that the New York statutory scheme does not create in any prisoner a legitimate expectation of release and, thus, does not create a liberty interest protected by the Due Process Clause).

Appellant's argument that the district court abused its discretion by denying his discovery requests is similarly unpersuasive. The district court properly denied the appellant's request to take the depositions of three parole board commissioners because appellant, who had proceeded *in forma pauperis* below, was unable to pay for the depositions as required by Fed. R.Civ.P. 30(b)(2). The district court also properly found that the appellees substantially complied with the appellant's discovery requests.

We have considered all of the arguments raised by the parties and for the reasons set forth above, AFFIRM the district court's grant of summary judgment.